IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE AMERICAN HOSPITAL ASSOCIATION, ASSOCIATION OF AMERICAN MEDICAL COLLEGES, THE FEDERATION OF AMERICAN HOSPITALS, NATIONAL ASSOCIATION OF CHILDREN'S HOSPITALS, INC., MEMORIAL COMMUNITY HOSPITAL AND HEALTH SYSTEM, PROVIDENCE HEALTH SYSTEM - SOUTHERN CALIFORNIA d/b/a PROVIDENCE HOLY CROSS MEDICAL CENTER, and BOTHWELL REGIONAL HEALTH CENTER, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEX M. AZAR II, in his official capacity as SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> *Defendant*. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br> Civil Action No. 1:19-cv-3619 <br><br><br><br><br> **ORAL HEARING REQUESTED** |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7(h), Plaintiffs the American Hospital Association; Association of American Medical Colleges; the Federation of American Hospitals; National Association of Children's Hospitals, Inc.; Memorial Community Hospital and Health System; Providence Health System - Southern California d/b/a Providence Holy Cross Medical Center; and Bothwell Regional Health Center (collectively, Plaintiffs) respectfully request that this Court enter summary judgment in their favor.

In promulgating its "Price Transparency Requirements for Hospitals To Make Standard Charges Public" Final Rule, 84 Fed. Reg. 65,524 (Nov. 27, 2019), the Centers for Medicare & Medicaid Services (CMS) has violated both the Administrative Procedure Act (APA) and the First Amendment to the United States Constitution.

*First*, the Final Rule exceeds the agency's statutory authority under Section 2718(e) of the Public Health Services Act.  Section 2718(e) grants CMS the limited authority to order the disclosure of "a list of the hospital's standard charges for items and services provided by the hospital." 42 U.S.C. § 300gg-18(e).  CMS, however, has required that hospitals disclose not only their chargemaster charges—long and widely understood to be a hospital's "standard charges"—but also a range of other "negotiated charges" that are individually negotiated with each commercial health insurer.  These additional charges are in no sense "standard charges"; as such, they are beyond the scope of authority delegated in the statute.  The Final Rule also unlawfully contemplates enforcement through penalties not authorized by Section 2718.

*Second*, the Final Rule compels speech in violation the First Amendment.  The Final Rule fails to directly and materially advance its stated purpose.  By CMS's own admission, the Final Rule will fail to provide patients with the financial information they care about most: their own *out-of-pocket* costs.  As a result, the Final Rule will create—not ameliorate—patient confusion.  Nor is the Final Rule narrowly tailored to its ostensible purpose of promoting transparency:  The scope of information made subject to disclosure is excessive relative to the Final Rule's putative benefits.

*Finally*, the Final Rule is arbitrary and capricious because there is no basis in the record to support CMS's view that the "standard charges" disclosure would increase pricing

transparency for potential consumers of healthcare services. Quite the opposite. Ordering the disclosure of only partial, irrelevant information will only increase patient confusion.

For these reasons, and those set forth more fully in the accompanying Memorandum in Support, which is incorporated herein by reference, this Court should grant Plaintiffs' motion for summary judgment. Pursuant to Local Rule 7(f), Plaintiffs further request an oral hearing on this motion, given the importance of this issues and the complexity of the underlying regulatory scheme.

The Final Rule becomes effective on January 1, 2021, but hospitals will need to start devoting substantial planning efforts and resources toward compliance with the Final Rule immediately. The burden on hospitals is certain to be daunting, and the work needed to come into compliance with the Final Rule will have to commence now. In order to minimize the imposition of an unnecessary burden on hospitals—especially smaller and rural hospitals that are already operating with scarce resources and on thin margins—Plaintiffs respectfully request a decision on the merits as soon as practical.

Pursuant to Local Rule 12(m), Plaintiff's counsel notified counsel for Defendant of their intention to file this motion. Defendant has indicated that it opposes the relief requested in this motion.

A proposed order accompanies this motion.

Respectfully submitted,

  /s/ Catherine E. Stetson
Catherine E. Stetson (D.C. Bar No. 453221)
Susan M. Cook (D.C. Bar No. 462978)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: 202-637-5491

                    Fax: 202-637-5910
                    cate.stetson@hoganlovells.com

                    *Counsel for Plaintiffs*

Dated:  December 9, 2019